Kenneth Gray
1091 Northwestern Dr.
Claremont, CA 91001
t. 805.423.0318
e. kgray@kagconsulting.org



FILED
CLERK, U.S. DISTRICT COURT

SEP 2 7 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

KENNETH GRAY,

      Plaintiff,

      vs.

COUNTY OF LOS ANGELES, A MUNICIPAL ENTITY, SHERIFF ALEX VILLANUEVA, CITY OF WEST HOLLYWOOD, A MUNICIPAL ENTITY, LOS ANGELES COUNTY SHERIEFF DEPARTMENT, AND DOES 1-10 INCLUSIVE,

      Defendant

Case No.: LACV21-7685-DMG-JAP

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION

The above-named Plaintiff, individually allege the following upon information and belief:

### i.   INTRODUCTION

1. This action is a result of three demonstrations against police brutality that Plaintiff was involved with which took place in Los Angeles County in the wake of the murder of George Floyd and other instances of police violence directed at persons of color. On multiple occasions, as detailed below, deputies from the Los Angeles County Sheriff's Department ("LASD" or "the Sheriff's Department") used excessive force and committed other constitutional violations against Plaintiff, and other peaceful protesters, in violation of their civil rights.

2. In a letter to The President dated November 15, 2018 the United States Commission on Civil Rights informed The President that "police officers must operate with the highest standards of professionalism and accountability. Every community resident should be able to live, work, and travel confident in an expectation that interactions with police officers will be fair, consistent with constitutional norms, and guided by public safety free from bias or discrimination."

3. Repeated and highly publicized incidents of police use of force against persons of color and people with disabilities, combined with a lack of accurate data, lack of transparency about policies and practices in place governing use of force, and lack of accountability for noncompliance foster a perception that police use of force in communities of color and the disability community is unchecked, unlawful, and unsafe.

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 1

4. During the wake of the murders of Breonna Taylor and George Floyd, thousands of Americans decided to express their constitutional rights and expressed multiple forms of constitutionally protected forms of freedom of speech with the hope that the American Government would begin enforcing constitutional protections to every Americans of color . With the bare minimum as a hope of civil justice reform through, then, current legislation. A number of recent developments suggest a renewed commitment to resolving this issue. For the first time in decades, the country has witnessed ubiquitous and sustained protests by young people, communities of color, and other impacted populations in cities all across the country.1

5. For the first time since The Civil Rights Movements, the horrific scenes of police brutality against people of color have become daily news. Communities in support for police reform are crying out for radical, sometimes financial, complete police reform.

6. 42 U.S.C. § 14141 (re-codified at 34 U.S.C. 12601) (a) Unlawful conduct It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. (b) Civil action by Attorney General Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

7. The relationship between law enforcement and many communities in the U.S. is fraught and challenging, particularly for those who experience violent crimes coupled with intensive police presence and surveillance.

8. Data on lower level uses of force, which happen more frequently than officer- involved shootings, are virtually non-existent. This is due, in part, to the fact that most police precincts don't explicitly collect data on use of force, and in part, to the fact that even when the data is hidden in plain view within police narrative accounts of interactions with civilians, it is exceedingly difficult to extract.2

---

1. *See, e.g.,* Sara Sidner and Mallory Simon, "The rise of Black Lives Matter: Trying to break the cycle of violence and silence," *CNN*, Dec. 28, 2015, http://www.cnn.com/2015/12/28/us/black-lives-matter-evolution/index.html; Cristina Flesher Fominaya, *Social Movements and Globalization: How Protests, Occupations and Uprisings are Changing the World* (New York: Palgrave MacMillan, 2014).

2. Roland G. Fryer, "An Empirical Analysis of Racial Differences in the Use of Force," National Bureau of Roland Fryer, "An empirical analysis of racial differences in the use of force," NBER Working Paper 22399, National Bureau of Economic Research, revised in 2018, http://www.nber.org/papers/w22399.

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 2

9. Plaintiffs wish to have the Courts hold LASD, The City of West Hollywood, The County of Los Angeles, and Sheriff Alex Villanueva liable for the intentional constitutional violations of the People of Los Angeles and the at the bare minimum, of The Plaintiff.

ii. **JURISDICTION AND VENUE**

10. The events within Plaintiff's allegations occurred within the Central District of California, therefore, pursuant to 28 U.S.C. § 1391 venue is appropriate.

11. 28 U.S.C. § 1331 & 1343 provides subject matter jurisdiction to the Courts to hear this claim.

12. 28 U.S.C. § 1367 provides supplemental jurisdiction under California law.

iii. **PARTIES**

a. **PLAINTIFF**

13. Kenneth Gray is a member of the class action brought in Case No.: 2:20-CV-07870 DMG PD and Plaintiff desires to exclude himself from the class for the sole purpose of bringing an individual claim against Defendants.

14. Kenneth Gray attended the constitutionally protected freedom of speech protest in expression of his dissent with the LASD and national policing policies that were resulting in the loss of life and liberties for people of color at the hands of sworn civil servants.

15. On September 25, 2020, LASD used excessive force, racial slurs, flash grenades, and expired projectiles against Plaintiff as he was peacefully protesting.

b. **DEFENDANTS**

16. As a municipal corporation organized and existing under the constitution and laws of the state of California, the county of Los Angeles holds liability and responsibility for the LASD.

17. Plaintiff is informed, believes, and thereupon allege that Sheriff Alex Villanueva was elected in November of 2018.

18. Plaintiff is informed, believes, and thereupon allege that Sheriff Alex Villanueva intentionally neglected his responsibility as a civil servant to protect the vulnerable citizens of color of Los Angeles County and he intentionally inflicted violent acts of terror against Plaintiff and other peaceful protestors the night, and several other nights, in question.

19. Plaintiff is informed, believes, and thereupon allege that between the dates of December 03, 2018, and September 25, 2020, that Sheriff Alex Villanueva held responsibility of implementing and creating policies and procedures within the LASD that should have been consistent with Federal, State, and Local constitutions.

20. Plaintiff is informed, believes, and thereupon allege that Sheriff Alex Villanueva intentionally ignored his responsibilities of ensuring the department hiring practices, the training of its new officers, and the retraining of the departments veteran officers were consistent with then community needs.

21. Plaintiff is informed, believes, and thereupon allege that The City of West

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 3

Hollywood (hereinafter referred to as Defendant CWH) is a municipal corporation organized and existing under the constitution and laws of the State of California holding liability for intentionally employing Sheriff Alex Villanueva and LASD to violated constitutional rights against its citizens of color despite obtaining sufficient data to initiate contract review and cultural trainings.

22. Plaintiffs are informed, believe, and thereupon allege that Does 1 through 10 were the agents, servants, and employees of Defendant County of Los Angeles (hereinafter referred to as Defendant LAC) and/or the LASD. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. The individual Doe Defendants are sued in both their individual and official capacities.3

iv.   **STATEMENT OF FACTS**

23. On May 30, 2020, LASD responded to peaceful protest with excessive force in and around Pan Pacific Park.  Multiple unlawful arrest, deployment of flash bangs, use of less lethal weapons, and constitutional violations were reported by peaceful protestors, independent news outlets, and national news outlets.  LASD responded to the unlawful tactics by issuing slanderous and defamatory statements that were later proven to be false.

24. On June 03, 2020, LASD responded to peaceful protest with excessive force in and around Grand Park.  Multiple unlawful arrest, deployment of flash bangs, use of less lethal weapons, and constitutional violations were reported by peaceful protestors, independent news outlets, and national news outlets.  LASD responded to the unlawful tactics by issuing slanderous and defamatory statements that were later proven to be false.

25. On June 21, 2020, LASD responded to peaceful protest with excessive force in and around Compton.  Multiple unlawful arrest, deployment of flash bangs, use of less lethal weapons, and constitutional violations were reported by peaceful protestors, independent news outlets, and national news outlets.  LASD responded to the unlawful tactics by issuing slanderous and defamatory statements that were later proven to be false.

26. On September 25, 2020, LASD responded to peaceful protest with excessive force in and around West Hollywood.  Multiple unlawful arrest, deployment of flash bangs, use of less lethal weapons, and constitutional violations were reported by peaceful protestors, independent news outlets, and channel 5.  LASD responded to the unlawful tactics by issuing slanderous and defamatory statements that were later proven to be false.

---

3. Class Action Complaint case # 2:2-=cv-07870-DMG-PD

27. On September 25, 2020, LASD approached the 2017 Black Ford F-350

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 4

with guns pointed at the unarmed occupants yelling for the "nigger" to turn off the vehicle. LASD officers held the gun in the face of Plaintiff and instructed "turn the vehicle off nigger and throw the fucking keys out the window." When Plaintiff stated "the key fob is in my pocket. As a person of color with a gun pointed in my face, I do not feel comfortable reaching for anything." LASD responded with "look the nigger the scared to reach. Reach nigger reach. I fucking dare you to give me a reason you fucking nigger."

28. Plaintiff held his hands in the air and politely informed the LASD Civil Servant Employees, "I am not resisting. I do not have any weapons on my person nor in the vehicle. I do not consent to a search of vehicle either now or in the future. I will allow you to search my person only, but I do not consent to search of my vehicle. I can open the door and step out to allow you to secure the key to the vehicle. However, I fear for the safety of my life and will not reach for anything. Please have your watch commander come on scene to ensure that my life is not wrongfully ended tonight."

29. As an immuno-compromised American Citizen, Plaintiff plead for the LASD Employees that were violating his civil rights to follow the then Center for Disease Control and Prevention (hereinafter referred to as CDC) guidelines by wearing their mask. Despite the numerous constitutional and civil right violations that the Plaintiff was enduring at the hands of sworn civil servants, Plaintiff still begged for them to leave his personal mask on his face for his safety.

30. The LASD Employees discarded Plaintiff's COVID-19 CDC recommended protective face covering, violated then State, County, and National COVID-19 policies and legislation in an attempt to inflict grave emotional, physical, and psychological harm to Plaintiff.

31. Defendants then deprived Plaintiff of his freedom and liberties by restraining and placing Plaintiff in the backseat of a marked patrol car with all windows sealed, all doors closed, and the vehicle turned off. Thus, violating Plaintiff's Eighth Amendment protections against cruel and unusual punishment by subjecting Plaintiff to swiftly increasing ambient temperatures despite outside cooling temperatures. Plaintiff repeatedly yelled and begged for help as the cruel and unusual punishment that Plaintiff was being subjected to was depleting the oxygen supply in the vehicle. Defendants were within earshot and pointed and laughed as Plaintiff yelled for oxygen and continually yelled the phrase "I can't breathe, please help me I can breathe." Defendants mocked and taunted Plaintiff with the phrases of "look the nigger can't breathe" and "another nigger begging to breathe" and "if the nigger wanted to breathe, he kept his dumb black ass at home."

32. Defendants violated Plaintiffs Fourth Amendment by searching and confiscating the Black Ford F350 (hereinafter referred to as Subject Vehicle), for over 90 calendar days, despite Plaintiffs repeated attempts to

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 5

assert Plaintiff's constitutional right against illegal search and seizure. Defendant's held Subject Vehicle for an excessive timeframe in the sole attempt of violating Plaintiff's civil rights and of inflicting financial harm, emotional harm, and psychological distress onto Plaintiff.

33. Defendants transported Plaintiff to West Hollywood Sheriff Station 780 N. San Vicente Blvd. Hollywood, CA 90069 via a Los Angeles County Sheriff Vehicle.

34. Defendants continued the process of violating Plaintiff's Fourteenth Amendment while detaining Plaintiff. During the unlaw detention of Plaintiff, Plaintiff's attorney was denied access to Plaintiff while Plaintiff was subject to questioning by Defendant. Defendant informed Plaintiff's attorney that Plaintiff was "not in custody" by one Defendant, while another Defendant informed Plaintiff's attorney that Plaintiff was released on scene. Another Defendant informed Plaintiff' attorney that Plaintiff was placed on a "watch commander hold" and was being transferred to "twin towers", which is classified as the Main Jail Location for LASD.

35. Plaintiff requested a telephone call to contact his attorney and was denied by Defendant.

36. Plaintiff requested a telephone call to contact his wife and was denied by Defendant.

37. Plaintiff requested a telephone call to contact his bail bonds agent and was denied by Defendant.

38. Plaintiff requested COVID-19 Protective Face Coverings and was denied by Defendant.

39. Plaintiff requested COVID-19 Sanitation Wipes and was denied by Defendant.

40. Plaintiff requested water to drink and was denied by Defendant.

41. Plaintiff requested for the Defendants to refrain from referring to Plaintiff as a "nigger" and denied by Defendant.

V.    **MONELL ALLEGATIONS**

42. The Civil Rights Act of 1871, compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom 42 U.S.C.S. § 1983 (§ 1983) applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. They may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.[4]

---
4. "Monell v. Dept. of Social Srvcs., - 436 U.S. 658, 98 S. Ct. 2018 (1978)." Community, 19 Oct. 1996, https://www.lexisnexis.com/community/casebrief/p/casebrief-monell-v-dept-of-social-srvcs

43. Defendant CWH intentionally neglected their responsibility to hold LASD

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 6

accountable to the numerous complaints filed.

44. Defendant CWH intentionally neglected to implement contract oversight and continued review of LASD's compliance with Penal Code § 13519.4 which thus accepting complete liability for civil right and other constitutional violations of Plaintiff.

45. Defendant LAC intentionally neglected their responsibility to hold LASD accountable to the numerous complaints filed.

46. Defendant LAC intentionally neglected to implement contract oversight and continued review of LASD's compliance with Penal Code § 13519.4 which thus accepting complete liability for civil right and other constitutional violations of Plaintiff.

**vi.    REQUEST FOR RELIEF**

Plaintiff seeks relief as follows:

47. A definitive judgment in Plaintiff's favor outlining each Constitutional Amendment Violation caused by all Defendants.

48. A court order directing the United States Department of Justice, The County of Los Angles, The State of California, The Superior Court of California, The California Department of Justice, and any other Government, Civil, Private, or Public database to permanently remove any arrest, detention, or any reference to the September 25, 2020 violation of Plaintiff's Constitutional Rights.

49. A court order directing the prevention of any Public, Private, or Government entity from utilizing or referring to any video, social media post, text, recording, or photo depicting the violation of Plaintiff's Constitutional Rights without the written consent of Plaintiff and or Plaintiff's first living kin.

50. A court order providing for a civil assessment, that is unable to be discharged within any Jurisdiction of the Federal Bankruptcy Court System and undisputable within any other State or Local Jurisdiction of one million USD ($1,000,000.00) payable to Plaintiff or Plaintiff's first living kin.

51. All filling fees, court cost, copying fees, service fees, consulting fees, Witness Cost, and any other cost incurred by Plaintiff to bring suit.

52. Award of Plaintiff's hourly time to bring suit in the amount of $1,750.00 per hour as outlined in 42 U.S.C. 1988 and California Code of Civil Procedure 1021.5 & 52(b) & 52.1(h)

53. A Per Defendant award of general damages, compensatory damages, and pain and suffering to be no less than two hundred fifty million and no cents USD ($250,000,000.00) amount determined by the Court.

54. An order protecting the award from the ability to be discharged within any Jurisdiction of the Federal Bankruptcy Court System and undisputable within any other State or Local Jurisdiction

55. Pre and Post Judgement Interest in an amount to be determined by the court by no less 25% Interest.

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 7

56. An order requiring the Judgement to be paid from Dependents Budget and not passed on to Citizens,

57. An order requiring the immediate Federal investigation, arrest, and criminal charges of Sheriff Alex Villanueva, The Mayor of West Hollywood, and The Mayor of Los Angeles.

58. Any and all additional relief as the Court may deem just and proper.

Dated this 25th day of September 2021.

Kenneth Gray,

Plaintiff Pro Se

COMPLAINT: 42 U.S. CODE § 1983: FIRST, SECOND, FOURTH, SIXTH, EIGHTH, FOURTEENTH AMENDMENTS TO THE CONSTITUION - 8